NANCY JANE HILL, Administratrix, Respondent, v. T. L. GRIGSBY, Appellant.

No. 2976; April 17, 1872.

**Bills and Notes—Delivery.—A Note Placed in the Keeping of a Person,** not named in it as a party, who was to deliver it only on a stated contingency, cannot be enforced by the payee's administrator who has got hold of it without the contingency taking place.

APPEAL from Seventh Judicial District, Napa County.

Pendergast & Stoney for respondent; Hartson & Burnell for appellant.

See Hill v. Grigsby, 35 Cal. 656.

CROCKETT, J.—The action is upon a promissory note made by the defendants and payable to James Hill, now deceased. The defendants admit the execution of the note, but deny that it was ever delivered to the payee or anyone for him except as an escrow, upon a condition which has not happened. They proved at the trial by several witnesses, who were in no wise impeached or contradicted, that there were pending suits and controversies between the said James Hill and the defendant, T. L. Grigsby, who was in failing circumstances and was also indebted to one Christiansen; that said Grigsby was about to apply for the benefit of the bankrupt law of the United States, and that whilst their affairs were in this condition, a compromise was agreed upon between said Hill and Grigsby, whereby the latter was to execute to the former the promissory note sued upon in this action, with the other two defendants as indorsers or sureties, but only on condition that Grigsby could effect a similar compromise with Christiansen; that Hill acceded to these terms, and it was then mutually agreed that the note, when executed, should be placed in an envelope, together with proper receipts or discharges from Hill to Grigsby, together with some other papers, and that the package should be placed in the hands of one Bruck, to be held by him until it could be ascertained whether Grigsby could effect the compromise with Christiansen, in which event Bruck was to deliver the note to Hill and the receipts to

Grigsby; that the note was accordingly made by the defendants and placed in an envelope, together with the receipts from Hill or his attorneys; that the envelope was then sealed up and delivered to Bruck, with a further agreement that it was not to be withdrawn from his possession except upon the joint order of the attorneys for Hill and Grigsby; that Grigsby immediately endeavored to effect a compromise with Christiansen but failed to accomplish it, and thereupon applied for the benefit of the bankrupt law. There is no conflict whatever in the testimony as to the agreement between Hill and Grigsby, to the effect that the note was not to be delivered to Hill or to take effect as a binding obligation upon the defendants, except on the condition that Grigsby should succeed in effecting the proposed compromise with Christiansen. But Mr. Pendegast, a witness for the plaintiffs, testifies that he was the law partner of Mr. Rayle, who acted as the attorney for Hill in the matter of the compromise with Grigsby; that in September, 1868, Rayle called his attention to a sealed envelope containing papers which was then in their office; that the witness then put the package in his desk without opening it; that Mr. Rayle was absent for several weeks and died soon after his return; that some months thereafter the witness found the package in his desk where he had placed it, and on opening it found it to contain a bond for a deed from Hill to Grigsby and Smittle, with a release indorsed thereon signed by Grigsby and Smittle; also eleven old promissory notes, one made by Grigsby and the others by Grigsby and Smittle in favor of Hill, and also two receipts in full, one from Hill to Grigsby and the other to Grigsby and Smittle; but these were the only papers contained in the envelope when he opened it. Goodman, another witness for the plaintiffs, testified that before the death of Mr. Rayle the note sued upon was deposited at his bank for collection, and that shortly before Hill died in February, 1870, he directed the witness to collect the interest due on the note. The witness Bruck also testified that he delivered the package left with him to Mr. Rayle shortly before his death, on being assured by the latter that the attorney for Grigsby consented thereto, but the attorney testifies that he gave no such consent and was not aware that the package had been delivered to Rayle. The note in suit is dated May 15, 1868, and the receipts found in the envelope

and the satisfaction of the bond also inclosed therein when opened by Mr. Pendegast all bear date May 21, 1868. These being the facts, the jury found a verdict for the plaintiffs and a judgment was entered accordingly. The defendants move for a new trial on the ground that the evidence was insufficient to support the verdict and judgment, and that they were against law. The motion for a new trial was denied and the defendants appeal. I think the verdict ought to have been set aside and a new trial granted. There is not the slightest conflict in the evidence as to the terms of the agreement between Hill and Grigsby at the time of the making of the note, nor indeed as to any other fact in the case. The package containing the note and other papers appears to have been inadvertently delivered by Bruck to Rayle, without the consent of the adverse attorney; and the fact that the note was not found in the envelope when opened by Mr. Pendegast and was delivered to Goodman for collection before Rayle's death does not prove, or tend to prove, that the note was not in the envelope when it was delivered to Bruck and by the latter to Rayle. Several unimpeached witnesses testify that it was in the package when Bruck received it, and he testifies that it was in the same condition when delivered to Rayle. But in whose possession the package was between the time when Rayle received it and when he delivered it to Pendegast does not appear, and there is nothing to show that it was not opened in the interim. But if it be conceded that the note never was inclosed in the envelope, this would not show, or tend to show, that the agreement between Hill and Grigsby was otherwise than as testified to by the latter and his witnesses. The note may have been left out of the package through inadvertence and they may have been mistaken in testifying that it was inclosed in it. But this does not touch the question as to the agreement that the note was delivered as an escrow, to take effect on the happening of a future event, which has not transpired.

Judgment reversed and cause remanded for a new trial.

We concur: Rhodes, J.; Niles, J.